IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS SMITH | : | |
| Plaintiff | : | |
| v. | : | CIVIL ACTION |
| | : | |
| MIDDLETOWN TOWNSHIP OF PENNSYLVANIA, et al. | : | NO. 23-2412 |
| Defendants. | : | |

## MEMORANDUM

**Perez, J.**                                                                                              **February 25, 2025**

*Pro se* Plaintiff Curtis Smith alleges Middletown Township of Pennsylvania (the "Township") lacks authority to regulate the use of his private property, and its attempts to do so violated his Fifth and Fourteenth Amendment rights. Presently before the Court is the Township, Jim Ennis, and Stephanie Teoli Kuhls' (collectively, "Defendants") motion for partial summary judgment, to which Plaintiff has not responded. For the reasons set forth below, the motion will be granted.

### I.   BACKGROUND

On March 31, 2023, Plaintiff initiated this action in the Philadelphia Court of Common Pleas.[1] It was removed to this Court on June 23. ECF No. 1.

In the operative complaint, Plaintiff describes how he attempted to install an in-ground pool at his private residence without obtaining the necessary permit under the Township's zoning ordinances. ECF No. 18-2 at ¶¶ 8–12; *see also* ECF No. 18 at 12. Plaintiff disputes the Township's

---

[1] *See* Compl., *Curtis Smith v. KS Pools and Patios (Company, Inc. etc.), Eric Konyves, Middletown Township of Pennsylvania, Jim Ennis, Stephanie Teoli Kuhls; In Their Official and Private Capacity*, No. 230303588 (Phila. Ct. Comm. Pleas Mar. 31, 2023).

constitutional authority to "take and regulate Plaintiff's private property," ECF No. 18-2 at ¶ 20, and alleges it filed "false claims" against him to realize an unlawful taking. *Id.* at ¶ 16. He claims Ennis and Teoli Kuhls discriminated against him by insisting a permit was necessary. *Id.* at ¶ 13. He also alleges Ennis violated his Fourth Amendment rights by trespassing on his private property. *Id.* at ¶ 14. Plaintiff raises municipal liability claims based on the Township's alleged "fail[ure] to properly train its employees named herein as to what its jurisdiction/authority covers[.]" *Id.* at ¶ 23. Finally, Plaintiff alleges Defendants "have committed and/or conspired to commit fraud, theft, racketeering and terrorism against" him. *Id.* at ¶ 24.

On April 10, 2024, Defendants filed the instant motion for summary judgment on Plaintiff's due process and takings claims. *See generally* ECF No. 18.[2] Defendants argue: (1) the Township's zoning ordinances do not violate Plaintiff's due process rights because they protect or preserve public health, safety, morality, and welfare; and (2) Plaintiff is not entitled to compensation under the Takings Clause because the ordinances merely adjust economic benefits and burdens to promote the common good. *Id.* at 10–13. Plaintiff's deadline to respond was February 10, 2025. ECF No. 26.[3] Plaintiff has not responded to the motion.

---

[2] Defendants do not move for summary judgment on Plaintiff's remaining claims, so this Court will not consider their merits. *See Cione v. Carvel Corp.*, No. 86-4995, 1989 WL 48403, at *4 (D.N.J. Apr. 20, 1989) (declining to adopt recommendation that summary judgment be granted on grounds not argued in defendant's motion); *cf. Colon-Davilla v. Cast-Master*, No. 86-3874, 1987 WL 5258, at *5 (E.D. Pa. Jan. 14, 1987) (denying summary judgment on an issue not argued in defendant's motion).

[3] On October 31, 2024, the Court ordered Plaintiff to respond to Defendants' motion by November 21. *See* ECF No. 21. On December 5, the Court vacated the October 31 order and ordered the Clerk of Court to send a copy of the docket and all electronic filings and attachments filed after March 1, 2024, to Plaintiff at the address where he was incarcerated. *See* ECF No. 23. The Court rescinded that order after learning the mailing was sent to an incorrect address. *See* ECF No. 25. On January 8, 2025, to ensure Plaintiff was fully aware of all filings and had the opportunity to respond to the motion for summary judgment, the Court ordered the Clerk of Court to resend the mailing to Plaintiff and extended his deadline to respond to the motion until February 10. *See* ECF No. 26. The second mailing was sent to the correct address on January 9.

## II.     LEGAL STANDARD

A federal court must grant summary judgment if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000). A fact is "material" if it could affect the outcome of the suit given the applicable substantive law; a dispute is "genuine" if a reasonable jury could return a verdict for the nonmoving party based on the evidence presented. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "[T]here can be no genuine issue as to any material fact where the non-moving party's complete failure of proof concerning an essential element of its case necessarily renders all other facts immaterial." *B&B Fin. Servs. LLC v. Kallock*, No. 05-1277, 2006 WL 2869529, at *1 (E.D. Pa. Oct. 4, 2006) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986)) (cleaned up).

The movant bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323 (quotation omitted). "If the moving party meets its burden, the burden then shifts to the non-movant to establish that summary judgment is inappropriate." *Connection Training Servs. v. City of Philadelphia*, 358 F. App'x 315, 318 (3d Cir. 2009) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). In reviewing the evidence, this Court "view[s] all the facts in the light most favorable to the nonmoving party and draw[s] all inferences in that party's favor." *Physicians Healthsource, Inc. v. Cephalon, Inc., et al.,* 954 F.3d 615, 618 (3d Cir. 2020) (quotation omitted).

"When a summary judgment motion is uncontested, the non-responding party does not lose the summary judgment motion by default." *Hitchens v. Cty. Of Montgomery*, 98 F. App'x 106, 110 (3d Cir. 2004); *see also Nunez v. Heere*, No. 18-4493, 2020 WL 587021, at *2 (E.D. Pa. Feb. 6,

2020). "By failing to respond, however, 'the nonmoving party waives the right to respond to or to controvert the facts asserted in the summary judgment motion.'" *B&B Fin. Servs. LLC*, 2006 WL 2869529, at *1 (quoting *Reynolds v. Rick's Mushroom Serv.*, 246 F. Supp. 2d 449, 453 (E.D. Pa. 2003)).

### III. DISCUSSION

Plaintiff claims the Township's permit requirement violates his substantive due process rights and constitutes an unlawful taking without just compensation. Neither claim has merit.

#### A. Substantive Due Process

Plaintiff argues the permit requirement violates his substantive due process rights because the Township lacks legal authority to "regulate [his] private property." ECF No. 18-2 at ¶ 20. But this premise is incorrect: municipalities may regulate private property for the public good pursuant to the police power. *Vill. of Euclid, Ohio v. Ambler Realty Co.*, 272 U.S. 365, 387 (1926). "[A] municipal zoning ordinance" in particular "[will] survive a substantive due process challenge so long as it [is] not 'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.'" *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 541 (2005) (quoting *Vill. of Euclid*, 272 U.S. at 395). Regulations that promote the general "health and security from injury of children and others," *Vill. of Euclid*, 272 U.S. at 391, or "relate[] to the legitimate state goal[] of minimizing ecological damage," *Bass River Assocs. v. Mayor, Twp. Com'r, Plan. Bd. of Bass River Twp.*, 743 F.2d 159, 166 (3d Cir. 1984), meet this standard.

Drowning is the leading cause of death for children ages one to four and the second-leading cause of unintentional injury death for children ages five to fourteen. ECF No. 18 at 11. To mitigate drowning risk, municipalities frequently regulate the installation and maintenance of residential swimming pools. *Id.* at 11–12 (citing *Barris v. Stroud Twp.*, 257 A.3d 209, 226 n.17 (Pa. Commw.

Ct. 2021)). Such regulation also protects the surrounding environment from harmful chemicals in discharged pool water. *See id.* at 11.

Because the Township's permit requirement directly addresses safety and environmental hazards, it does not violate Plaintiff's substantive due process rights.

### B. Taking

Plaintiff claims Defendants have "taken [his] private property without . . . compensation," in violation of the Takings Clause. ECF No. 18-2 ¶¶ 13, 25. The Township's permit requirement is not a physical invasion of Plaintiff's property nor a deprivation of all its economically beneficial use. *See Lingle*, 544 U.S. at 538. Therefore, Plaintiff's entitlement to compensation depends on "(1) the economic impact of the regulation on the claimant; (2) the extent to which the regulation has interfered with distinct investment-backed expectations; and (3) the character of the governmental action." *Nekrilov v. City of Jersey City*, 45 F.4th 662, 672 (3d Cir. 2022) (quoting *Murr v. Wisconsin*, 582 U.S. 383, 393 (2017)). The Court addresses each element in turn.

First, "[a] regulation must drastically reduce property value to require compensation based on economic impact." *Tulio v. Borough*, 660 F. Supp. 3d 368, 380 (E.D. Pa. 2023) (citing *Nekrilov*, 45 F.4th at 674). There is no evidence in the record indicating that the continued absence of a pool on Plaintiff's property drastically reduced its value. Indeed, the Township's zoning ordinances merely maintained the *status quo*.

Next, a plaintiff's distinct, investment-backed expectations are only reasonable if they account for the state's authority to regulate private property; in other words, property owners should expect that property values may be adjusted in the public interest. *Nekrilov*, 45 F.4th at 674–75 (citing *Pace Res., Inc. v. Shrewsbury Twp.*, 808 F.2d 1023, 1033 (3d Cir. 1987)). Plaintiff's expectations should have accounted for any governmental attempts to address environmental and

safety concerns through land-use regulation. *See* ECF No. 18 at 11–12. In fact, "[z]oning regulations are the 'classic example' of permissible regulations that do not require compensation even where they 'prohibit[] the most beneficial use of the property.'" *Nekrilov*, 45 F. 4th at 675 (quoting *Penn. Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 125 (1978)).

Finally, the Township's pool-related zoning ordinances merely "adjust[] the benefits and burdens of economic life to promote the common good." *Id.* at 677 (quoting *Penn. Cent. Transp. Co.*, 438 U.S. at 124); *see also supra*, Part III.A. They "appl[y] generally to a broad class of properties" to "promot[e] public safety," *Nekrilov*, 45 F.4th at 677–78 (quotation omitted), and mitigate environmental concerns. As such, their character also weighs against granting Plaintiff compensation.

Even construing the information contained in the limited record in the light most favorable to Plaintiff, all relevant factors weigh against finding an unlawful taking.

## IV.   CONCLUSION

For the reasons set forth above, Defendants' motion for partial summary judgment on Plaintiff's due process and takings claims is granted. An appropriate order follows.