IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS SMITH | : | |
| | : | |
| **Plaintiff** | : | |
| v. | : | CIVIL ACTION |
| | : | |
| | : | |
| **MIDDLETOWN TOWNSHIP OF PENNSYLVANIA, et al.** | : | NO. 23-2412 |
| | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM

**Perez, J.**                                                                                                          **May 14, 2025**

*Pro se* Plaintiff Curtis Smith brings claims against Defendants Middletown Township of Pennsylvania ("Township"), Jim Ennis, and Stephanie Teoli Kuhls for constitutional violations, fraud, theft, racketeering, and terrorism, arising out of their enforcement of a municipal permitting ordinance. Presently before the Court is Defendants' supplemental motion for summary judgment, to which Plaintiff has not responded. For the reasons set forth below, the motion is granted.

**I.    BACKGROUND**

On March 31, 2023, Plaintiff initiated this action in the Philadelphia Court of Common Pleas.[1] It was removed to this Court on June 23. ECF No. 1.

In the operative complaint, Plaintiff describes how he attempted to install an in-ground pool at his private residence without obtaining the necessary permit under the Township's zoning ordinances. ECF No. 18-2 at ¶¶ 8–12; *see also* ECF No. 33 at 1. Plaintiff disputed the Township's constitutional authority to "take and regulate [his] private property," ECF No. 18-2 at ¶ 20, and

---

[1] *See* Compl., *Curtis Smith v. KS Pools and Patios (Company, Inc. etc.), Eric Konyves, Middletown Township of Pennsylvania, Jim Ennis, Stephanie Teoli Kuhls; In Their Official and Private Capacity*, No. 230303588 (Phila. Ct. Comm. Pleas Mar. 31, 2023).

alleged it filed "false claims" against him to realize an unlawful taking. *Id.* at ¶ 16. On February 25, 2025, the Court granted Defendants' unopposed[2] motion for summary judgment on those claims and granted them leave to file a supplemental motion for summary judgment on the remaining claims, *see* ECF No. 28: (1) Ennis and Teoli Kuhls discriminated against Plaintiff by insisting a permit was necessary; (2) Ennis violated Plaintiff's Fourth Amendment rights by trespassing on his private property; (3) the Township is liable for its employees' constitutional violations due to its "fail[ure] to properly train [them] as to what its jurisdiction/authority covers"; and (4) Defendants "committed and/or conspired to commit fraud, theft, racketeering and terrorism against" him. ECF No. 18-2 at ¶¶ 13, 14, 23, 24.

Presently before the Court is Defendants' supplemental motion for summary judgment. *See* ECF No. 33. Plaintiff's deadline to respond was May 7, 2025. ECF No. 35.[3] Plaintiff has not responded to the motion.

## II.    LEGAL STANDARD

A federal court must grant summary judgment if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000). "There can be no genuine issue as to any material fact where the non-moving party's complete failure of proof concerning an essential element of its case necessarily renders all other facts immaterial." *B&B Fin. Servs. LLC v. Kallock*, No. 05-1277, 2006 WL 2869529, at *1 (E.D. Pa. Oct. 4, 2006) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986)) (cleaned up).

---

[2] *See* ECF No. 27 at 2 n.3 for a summary of the Court's attempts to ensure Plaintiff was fully aware of all filings and had the opportunity to respond to Defendants' motion for summary judgment on the due process and takings claims.

[3] On April 16, 2025, the Court ordered Plaintiff to respond to Defendants' supplemental motion by May 7. ECF No. 35. That order was mailed to Plaintiff at SCI Pine Grove on April 17. On April 29, the Clerk of Court confirmed Plaintiff continues to be incarcerated there.

"When a summary judgment motion is uncontested, the non-responding party does not lose the summary judgment motion by default." *Hitchens v. Cty. Of Montgomery*, 98 F. App'x 106, 110 (3d Cir. 2004); *see Nunez v. Heere*, No. 18-4493, 2020 WL 587021, at *2 (E.D. Pa. Feb. 6, 2020). "By failing to respond, however, 'the nonmoving party waives the right to respond to or to controvert the facts asserted in the summary judgment motion.'" *B&B Fin. Servs. LLC*, 2006 WL 2869529, at *1 (quoting *Reynolds v. Rick's Mushroom Serv.*, 246 F. Supp. 2d 449, 453 (E.D. Pa. 2003)).

### III.  DISCUSSION

Plaintiff claims Defendants Ennis and Teoli Kuhls violated his constitutional rights to equal protection and against unreasonable search and seizure, and asserts the Township is liable for their conduct because of its allegedly deficient training. He further alleges Defendants committed or conspired to commit fraud, theft, racketeering, and terrorism against him. These claims are meritless.

#### A.  Constitutional Claims

42 U.S.C. § 1983 "provides a remedy for the violation of federal constitutional or statutory rights." *Suber v. Guinta*, 927 F. Supp. 2d 184, 201 (E.D. Pa. 2013), *aff'd sub nom. Suber v. Wright*, 574 F. App'x 207 (3d Cir. 2014) (citing *Gruenke v. Seip*, 225 F.3d 290, 298 (3d Cir. 2000)). "[T]o state a claim under section 1983, a plaintiff must allege that defendant, acting under color of state law, deprived [him] of a federal constitutional or statutory right." *Id.* (citing *Chainey v. Street,* 523 F.3d 200, 219 (3d Cir. 2008)). "Only where a failure to train reflects a deliberate or conscious choice by a municipality—a 'policy' as defined by our prior cases—can a city be liable for such a failure under § 1983." *Reitz v. Cnty. of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).

1. **Equal Protection**

Plaintiff does not allege the Township's permit requirement itself is discriminatory; rather, he believes Defendants Ennis and Teoli Kuhls discriminated against him through their enforcement efforts. ECF No. 18-2 at ¶¶ 12–13. The operative complaint does not specify any basis for the alleged discrimination, but Plaintiff stated in his ultimately-denied motion for a preliminary injunction that he was "targeted because of his race[.]" ECF No. 5 at 2.

The Fourteenth Amendment prohibits the government from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. CONST. AMEND. XIV § 1. "Selective enforcement of . . . facially neutral laws or policies is a form of discrimination that" violates this precept. *Suber*, 927 F. Supp. 2d at 201 (citing *Davis v. Malitzki,* 451 F. App'x 228, 234 (3d Cir. 2011)). To prevail on a selective enforcement claim, "a plaintiff must demonstrate (1) that he was treated differently from other similarly situated individuals, and (2) 'that this selective treatment was based on an unjustifiable standard, such as race, or religion, or some other arbitrary factor . . . or to prevent the exercise of a fundamental right.'" *Id.* at 202 (quoting *Dique v. New Jersey State Police,* 603 F.3d 181, 184 n.5 (3d Cir. 2010)).

Plaintiff's discrimination claim fails because he offers no evidence that similarly-situated individuals exist, much less that Defendants treated them differently from Plaintiff.

2. **Unreasonable Search and Seizure**

Plaintiff contends Defendant Ennis "violated Plaintiff's 4th amendment rights multiple times by trespassing on Plaintiff's private property, after being told by Plaintiff multiple times to stop," and the Township is "liable" for these alleged violations. ECF No. 18-2 at ¶ 14.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]" U.S. CONST. AMEND. IV. "[A]ctual trespass is neither necessary nor sufficient to establish a constitutional violation."

*United States v. Karo*, 468 U.S. 705, 713 (1984) (citing *Katz v. United States*, 389 U.S. 347 (1967); *Oliver v. United States*, 466 U.S. 170 (1984)). Rather, "[a] 'search' occurs 'when an expectation of privacy that society is prepared to consider reasonable is infringed.'" *Id.* at 712 (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)). To qualify as a "search," "[t]respass . . . must be conjoined with . . . an attempt to find something or to obtain information." *United States v. Jones*, 565 U.S. 400, 408 (2012). "A 'seizure' of property occurs when 'there is some meaningful interference with an individual's possessory interests in that property.'" *Karo*, 468 U.S. at 712 (quoting *Jacobsen*, 466 U.S. at 113).

Plaintiff does not allege or provide evidence that Defendant Ennis infringed Plaintiff's privacy rights, attempted to find anything or obtain information, or interfered with his possessory rights to his property. Therefore, Plaintiff's Fourth Amendment claim fails.

### 3. Municipal Liability

For municipal liability to attach, "there . . . must be a violation of the [plaintiff's] constitutional rights.'" *Startzell v. City of Philadelphia, Pa.*, 533 F.3d 183, 204 (3d Cir. 2008) (quoting *Brown v. Pa. Dep't of Health Emergency Med. Servs. Training Inst.*, 318 F.3d 473, 482 (3d Cir. 2003)). Plaintiff's municipal liability claim fails because the Court has determined his constitutional rights were not violated.

### B. Remaining Claims

Plaintiff's remaining claims also fail because of the complete absence of proof concerning their essential elements.

First, Plaintiff alleges Defendants "committed violating acts (forgery) by filing false claims against" him. ECF No. 18-2 at ¶ 16. To the extent Plaintiff intends for this allegation to support his fraud claim, it is insufficient to survive summary judgment because he provides no evidence of a false and material representation made knowingly or recklessly, intent to mislead, justifiable

reliance, or proximate cause. *See State Auto Prop. & Cas. Ins. Co. v. Sigismondi Foreign Car Specialists, Inc.*, 533 F. Supp. 3d 268, 277 (E.D. Pa. 2021), *aff'd*, No. 21-2435, 2022 WL 17076035 (3d Cir. Nov. 18, 2022) (listing the elements of fraud).

Second, Plaintiff alleges Defendants "committed and/or conspired to commit . . . theft[.]" ECF No. 18-2 at ¶ 24. But "there is no private cause of action for theft." *Sterling v. Redevelopment Auth. of City of Philadelphia*, 836 F. Supp. 2d 251, 270 (E.D. Pa. 2011), *aff'd*, 511 F. App'x 225 (3d Cir. 2013) (citations omitted). Even if the Court construed this as a claim for conversion, it would fail, because "the tort of conversion does not apply to real property[.]" *Id.*

Third, Plaintiff has not established standing to bring a claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"). Plaintiff has not alleged "an injury to business or property" or that a RICO predicate offense was a but-for and proximate cause of his injury. *St. Luke's Health Network, Inc. v. Lancaster Gen. Hosp.*, 967 F.3d 295, 300 (3d Cir. 2020) (citing *Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 9 (2010)).

Fourth, Plaintiff is not entitled to recovery under the Anti-Terrorism Act, 18 U.S.C. § 2331 *et seq.* ("ATA"), because he has suffered no injury arising from "international terrorism." 18 U.S.C. § 2333(a); *see* 18 U.S.C. § 2331(1) (defining "international terrorism" under the ATA).

Finally, Plaintiff's conspiracy claims must also fail because the Court has determined Defendants did not act unlawfully, by unlawful means, or for an unlawful purpose. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 309 (3d Cir. 2006) ("Civil conspiracy requires proof that two or more persons combined to do an unlawful act or to do an otherwise lawful act by unlawful means. (citing *Thompson Coal Co. v. Pike Coal*, 412 A.2d 466 (Pa. 1979))).

### IV.   CONCLUSION

For the reasons set forth above, Defendants' supplemental motion for summary judgment is granted. An appropriate order follows.